976 F.2d 726
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger W. MIDDLESTEADT; Madeline A. Middlesteadt,
Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee,
and
INTERNAL REVENUE SERVICE, United States Department of the
Treasury, Defendant.
 No. 91-2745.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1992
Decided: September 24, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-90-79-5-CIV)
 Robert A. Miller, Raleigh, North Carolina, for Appellants.
 Margaret Person Currin, United States Attorney, Raleigh, North Carolina; James A. Bruton, Acting Assistant Attorney General, Washington, D .C.; Gary R. Allen, Robert S. Pomerance, Christine A. Grant, United States Department of Justice, Washington, D.C., for Appellees.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Roger W. and Madeline A. Middlesteadt appeal from the district court's order awarding summary judgment to the United States in their income tax refund suit. For the reasons that follow, we affirm.
 
 
 2
 In November 1982, Roger Middlesteadt entered into an investment agreement involving leasing and distribution rights to a master audio cassette of "The Three Little Pigs." In exchange for his payment of $17,500, Middlesteadt leased from Citicom Electronic Publishing, Inc. ("Citicom") the rights to reproduce and distribute the master recording for a term of eighty-four months. In addition, Citicom agreed to transfer to Middlesteadt the right to claim the investment tax credit with respect to the tape. The agreement stated that the tape had a useful life of seven years or more and a value of $325,000. On the same day, Middlesteadt entered into an agreement with Telebooks in which Middlesteadt agreed to pay Telebooks $1,500 in exchange for Telebooks' promise to market and distribute the tape. Middlesteadt never received any money from the tape. In 1985, he learned that Telebooks had lost the master recording.
 
 
 3
 The Middlesteadts claimed a business deduction of $19,000 on their 1982 joint income tax return for the amounts paid to Citicom and Telebooks. In addition, they claimed a "tax consultation fee" of $4,695 for fees paid to the individual who arranged the investment. The Middlesteadts also claimed an investment tax credit of $32,500 (equal to ten percent of the stated market value of the master tape). Because the investment tax credit exceeded their reported tax liability (taking into account the business deductions mentioned above), they carried back the excess credit to offset their 1980 and 1979 income taxes.
 
 
 4
 The Internal Revenue Service ("IRS") disallowed the claimed deductions and credits on the grounds that the investment lacked economic substance and did not constitute a bona fide business investment activity undertaken for profit. The total assessment, including penalties for (1) negligent or intentional disregard of rules or regulations, (2) underpayment of tax attributable to a gross overvaluation of property, and (3) substantial understatements of income tax liability, amounted to $79,158.*
 
 
 5
 The Middlesteadts paid the entire assessment and then filed this refund suit in district court. The Government's motion for summary judgment, which was unopposed by the Middlesteadts, was granted by the district court. The Middlesteadts appeal.
 
 
 6
 This Circuit applies a two-prong test to determine whether a transaction is a sham for tax purposes. First, the court must find that the taxpayer was motivated by no business purposes other than obtaining tax benefits in entering the transaction, and, second, that the transaction has no economic substance because no reasonable possibility of a profit exists. Rice's Toyota World, Inc. v. Commissioner, 752 F.2d 89, 91 (4th Cir. 1985). Applying this test to the facts in this case, the district court properly awarded summary judgment to the Commissioner.
 
 
 7
 The first prong of the test-the business purpose inquiry-involves the taxpayer's motive in entering the transaction in question. Hunt v. Commissioner, 938 F.2d 466, 472 (4th Cir. 1991). In Hunt, this Court upheld the tax court's determination that a similar investment in master sound recordings was a sham for tax purposes. The first prong of the Rice's Toyota test was met because "the obvious focus of the promotional brochure distributed to [taxpayers] was on the tax benefits of the lease program." Id. Here, Middlesteadt stated that he was attracted to the program through a newspaper advertisement for investment opportunities with tax benefits.
 
 
 8
 The second prong of the test is the economic substance inquiry-i.e., whether there is a reasonable possibility for profit. Id. The district court found, and the uncontroverted facts show, that the Middlesteadts, who had no background in the master recording leasing business, entered into the agreement without negotiating the amount paid or independently investigating the feasibility of the program. According to the agreements with Telebooks and Citicom, Middlesteadt was to pay twenty-five percent of proceeds to Telebooks for sales and distribution and eighty percent of gross revenue to Citicom as "rent." Middlesteadt was to bear the cost of manufacturing copies of the tape. However, no copies of the tape were ever produced nor, obviously, did the Middlesteadts ever earn any income from the tape. Despite Middlesteadt's assertions to the contrary, we find it highly unlikely that the investment had any true profit potential.
 
 
 9
 Therefore, we affirm the district court's order awarding summary judgment to the Government. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Middlesteadts have not challenged the imposition of any of these penalties on appeal